CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL -2 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JONATHON ROBERT DUNCAN, ) | Civil Action No. 7:14-cv-00527 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| ARTHUR BLACKWELL, et al., ) | By: Hon. Jackson L. Kiser | |
| Defendants. ) | Senior United States District Judge | |

Jonathan Robert Duncan, a Virginia inmate proceeding pro se, filed a verified Complaint pursuant to 42 U.S.C. § 1983, naming Arthur Blackwell and Donnie Arnold of the Augusta County Sheriff's Office as defendants. Plaintiff alleges that Defendants used excessive force in violation of the Fourteenth Amendment. Defendants filed a motion for summary judgment, to which Plaintiff responded, making the matter ripe for disposition.[1] After reviewing the record, I deny Defendants' motion for summary judgment due to disputes of material facts.

I.

A.

Plaintiff alleges the following facts in the verified Complaint.[2] On March 2, 2013, Plaintiff went to the Augusta County Sheriff's Office with his sister to turn himself in on an outstanding probation violation warrant. While Plaintiff waited in the car, his sister went into the Sheriff's Office and returned with Defendants. Defendants asked Plaintiff to step out of the car, and Plaintiff peaceably complied. Although Plaintiff was not formally arrested or placed into handcuffs, Plaintiff and Defendants walked into a secure hallway inside the Sheriff's Office, where the public is not permitted, and toward the booking area.

---

[1] Plaintiff is granted permission nunc pro tunc to respond to Defendants' reply in support of their motion for summary judgment, pursuant to W.D. Va. Civ. R. 11(c)(1), and Defendants' unsigned "affidavits" from Sheriff Fisher and Officer Burton are stricken from consideration.

[2] A verified complaint "is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

As they walked down the secure hallway, Arnold restrained Plaintiff, and Blackwell punched Plaintiff in the face. Defendants kicked, punched, and tazed Plaintiff a couple of times before securing his hands in handcuffs behind his back. Blackwell then injected an unknown substance into Plaintiff, pulled down Plaintiff's underwear, and "stuck the Tazer" into Plaintiff's penis before "viciously pull[ing] the prongs out [with] blood . . . everywhere." Blackwell then choked Plaintiff with his boot, jabbed the Tazer prongs in Plaintiff's ribs, and tried to pop out Plaintiff's eye. Arnold convinced Blackwell to stop, and Defendants put Plaintiff in leg irons and carried him to a parking lot, where another deputy punched him in the face.

## B.

Defendants argue that Plaintiff's version of events is inaccurate and allege the following facts. When Plaintiff came into the facility, he appeared to be under the influence of narcotics or some other substance. As Plaintiff and Defendants entered the secure area of the hallway, Plaintiff began to go "off," shouting that Defendants were not really police and were going to kill him. Plaintiff broke free, and as he began to run toward the exit, Blackwell tried to restrain him. Plaintiff "fought with all of his might," kicking Arnold in the chest even after Defendants got him down on the ground. Arnold's unsuccessfully tried to shoot Plaintiff with a Tazer and use the Tazer on Plaintiff's thigh. Ultimately, Defendants were able to secure Plaintiff in handcuffs and leg irons, and they placed him in a vehicle for transport to the jail.[3] Defendants deny that anyone injected Plaintiff with a substance, anyone grabbed or tazed Plaintiff's penis, anyone punched or kicked Plaintiff, or that Blackwell used a Tazer or stuck a Tazer in Plaintiff's ribs.

---

[3] Defendants allege that Plaintiff subsequently pleaded guilty to a charge of obstruction of justice for knowingly attempting to intimidate by threat or force a law enforcement officer lawfully engaged in his duties, but it is not clear to what specific conduct that conviction relates. For example, Plaintiff alleges that Defendants' alleged excessive force was used on March 2, 2013, but the conduct giving rise to the obstruction charge occurred "on or about March 3, 2013." Furthermore, Defendants have not established that Plaintiff's allegations of excessive force and his conviction cannot coexist.

2

## II.

Due to disputes of material facts, Defendants' motion for summary judgment must be denied. See, e.g., Johnson v. Jones, 515 U.S. 304, 313-18 (1995); Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014) ("[A] genuine dispute of material fact will preclude summary judgment on qualified immunity."). A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); see Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant).[4] "Material facts" are those facts necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. Id. at 322-23. Summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the

---

[4] The parties received reasonable and explicit notice that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment when the Clerk issued a timely Roseboro notice. See Fed. R. Civ. P. 12(d); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

3

evidence, or make determinations of credibility. Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995); Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).

The Fourteenth Amendment's "objectively unreasonable" standard applies to Plaintiff's allegations of excessive force because Plaintiff was a pretrial detainee at the time of the alleged attack.[5] Kingsley v. Hendrickson, No. 14-6368, __ U.S. __, 2015 U.S. LEXIS 4073, *11-12, 2015 WL 2473447, *5 (June 22, 2015); see, e.g., Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997) (en banc), abrogated in irrelevant part by Wilkins v. Gaddy, 559 U.S. 34 (2010). Although subject to various interpretations, courts have concluded that an arrestee or pretrial detainee may not be "punished" without sufficient cause. See, e.g., Riley, 115 F.3d at 1162-65. "[A] pretrial detainee can prevail by providing . . . objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley, 2015 U.S. LEXIS 4073 at *14, 2015 WL 2473447 at *6. Consequently, factors a court may consider to decide whether force was objectively unreasonable include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id., 2015 U.S. LEXIS 4073 at *12-13, 2015 WL 2473447 at *6.

---

[5] Plaintiff had surrendered himself to Defendants' custody on an outstanding arrest warrant upon exiting the vehicle, Plaintiff acquiesced to Defendants' commands, and the alleged attack occurred in a secured hallway of the Sheriff's Office where the public was not allowed as Plaintiff and Defendants walked to the booking area. See, e.g., Florida v. Bostick, 501 U.S. 429, 437 (1991) (discussing conduct that would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business as relevant to when a seizure occurs) (quoting Michigan v. Chesternut, 486 U.S. 567, 569 (1988)); see also Graham v. Connor, 490 U.S. 386, 394 (1989); Brower v. Cnty. of Inyo, 489 U.S. 593, 597 (1989); Orem v. Rephann, 523 F.3d 442, 446 (4th Cir. 2008).

4

Plaintiff's version of facts cannot be read to create a reason for Defendants to suddenly restrain Plaintiff and proceed to, allegedly, punch Plaintiff in the face, choke him, try to pop out his eye, taze him a couple of times, and puncture his penis with metal barbs. Consequently, Plaintiff states a violation of a constitutional right clearly established before the events. See, e.g., Riley, supra.

A trial is necessary to resolve the disputes of material facts as to what actually occurred. I decline Defendants' invitation to weigh the affidavits from Defendants' coworkers and a state magistrate judge filed in support of their motion any greater than Plaintiff's averments made on personal knowledge. I also decline Defendants' invitation to conclude that Plaintiff's version of events is "blatantly contradicted" by the record merely because Defendants disagree with Plaintiff's recollection. Here, Plaintiff's pro se, verified Complaint sufficiently alleges that Defendants lacked any objectively reasonable need to violently attack him, and such an attack constitutes undue punishment. See, e.g., Jones v. Buchanan, 325 F.3d 520, 529 (4th Cir. 2003) (concluding that an excessive force claim survived summary judgment because, under the factors set forth in Graham, "[a] fact finder could conclude that [the] evidence demonstrates that [the suspect] posed no immediate threat to anyone before [law enforcement] entered the processing room and used force").

### III.

For the foregoing reasons, I deny Defendants' motion for summary judgment, and Defendants shall file an answer within seven days.

ENTER: This 2nd day of July, 2015.

_Jackson L. Kiser_
Senior United States District Judge

5

Case 7:14-cv-00527-MFU-RSB   Document 23   Filed 07/02/15   Page 5 of 5   Pageid#: 146