IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHON ROBERT DUCAN, ) | |
|     Plaintiff, ) | Civil Case No. 7:14cv00527 |
| v. ) | |
| ) | |
| ARTHUR BLACKWELL, et. al, ) | By: Michael F. Urbanski |
|     Defendants. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's motion for reconsideration, in which he requests that the court reconsider its 2016 order granting his motion for voluntary dismissal and reopen his case. For the reasons set forth below, the motion will be denied.

I. BACKGROUND

Plaintiff Jonathon Robert Duncan, an inmate proceeding pro se, filed this case in September 2014, and he paid the full filing fee. He named two defendants, both employees of the Augusta County Sheriff's Office. His complaint alleged that on March 2, 2013, after he reported to the Sheriff's Office to turn himself in on a probation violation warrant, he was taken to a secure hallway, where the two defendants assaulted him without provocation, including kicking, punching, and using a taser on him. Additionally, defendant Blackwell allegedly injected an unknown substance into Duncan, pulled down Duncan's underwear, and then "stuck the Tazer" into Duncan's penis before "viciously pull[ing] the prongs out [with] blood everywhere." Compl., ECF No. 1-1, at 3–4. After Duncan was restrained in leg irons, defendants carried him to a parking lot, where another deputy allegedly punched him in the face. Id. at 3.

Finding that there were disputes of fact, the court denied defendants' motion for summary judgment, and the matter was set for a bench trial in October 2016. Two months before trial, and after one of the defendants had filed for bankruptcy, Duncan filed a motion to voluntarily dismiss the case. ECF No. 48. In it, he simply stated that he did not want to proceed any further and wanted to dismiss the case for "personal reasons." Id. at 1. He also "apologize[d] for wasting anyone's time." Id. Defendants requested a dismissal with prejudice, and the court gave Duncan an opportunity to respond to that request, but he failed to file anything in response. Accordingly, by order entered September 20, 2016, the court granted Duncan's motion and dismissed the action with prejudice.

Nearly four years later, on September 3, 2020, the Clerk received from Duncan a motion asking for reconsideration of the dismissal of his case. ECF No. 53. Duncan states that he previously sought dismissal because he "was threatened by my City of Staunton police department to drop the case or else they would do something worse to me." Id. at 2. He reiterates the basic allegations of his complaint, referring to the March 2, 2013 attack in which he was "tazed" and then allegedly denied medical treatment.[1] Duncan's motion to

---

[1] The denial of medical treatment was alleged in a separate lawsuit, Duncan v. Lee, Case No. 7:14-cv-546 (W.D. Va.), which was assigned to Judge Kiser. The complaint in that case referenced the March 2, 2013 attack by Blackwell and Arnold and claimed that after the assault, Duncan was not processed through any regular booking procedures and was denied medical attention by staff at the Middle River Regional Jail, despite the fact that he was visibly "beat up, tazed and covered in blood." Duncan v. Lee, No. 7:4-cv-546, Compl., ECF No. 1. Judge Kiser dismissed that case without prejudice for failing to state a claim against any of the named defendants, because Duncan had not described any personal act or omission by any defendant. Id., Mem. Op., ECF No. 9 at 1.

reconsider also references a 2014 assault by jail correctional officer Larry Miller, and he claims that he is in the process of filing a lawsuit over that incident.[2]

Duncan says that these incidents resulted in a host of physical and emotional damages and that he has "waited in fear for the last several years not knowing what to do." Id. at 3.  He has "recently decided," however, that "something has to be done" and that he deserves to be compensated "for all this."  Id.  He thus asks that the court reconsider its order of dismissal and reopen his case.

## II.  DISCUSSION

Because Duncan's motion was filed almost four years after dismissal of his case and thus cannot be a Rule 59 motion, the court construes it as a motion pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60(b) provides an avenue for relief "from a final judgment, order, or proceeding."  A party seeking relief under Rule 60(b) must first make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."  Dowell v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993).  After that threshold showing is met, the movant must "clearly establish" one of the six specific grounds for relief in Rule 60(b), In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992), only two of which are potentially applicable here: "(3) fraud or misconduct of an adverse party;" and "(6) any other reason justifying relief."  Fed. R. Civ. P. 60(b)  Subsection (6) of Rule 60(b) is a catch-all clause, but it "may be invoked only in

---

[2]  A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, see Owens v. Okure, 488 U.S. 235, 239–40 (1989), which requires that an action be brought within two years of its accrual.  Va. Code Ann. § 8.01-243(A); A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that § 1983 claims in Virginia have a two-year limitations period).  Thus, any claim based on a 2014 assault would be barred by the applicable statute of limitations, absent equitable tolling.

extraordinary circumstances when the reason from relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (internal quotation marks omitted).

As an initial matter, it appears that Duncan cannot make the required threshold showing. With regard to timeliness, Rule 60(b) specifies that motions for relief from judgment must be made "within a reasonable time," and, as to motions brought under subsections (1) to (3), not more than a year after judgment is entered. Duncan's failure to bring the motion within one year means that he cannot rely on subsection (3). As a general rule, moreover, he cannot rely on the "misconduct of the other party," which is specifically enumerated under subsection (3), to bring his motion within subsection (6). Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 133 (4th Cir 1992) ("A litigant may not move for relief under Rule 60(b)(6) in order to circumvent the applicable time limits on motions under other subsections of Rule 60(b).").

Even if Duncan could proceed under subsection (6), moreover, the court does not believe that four years is a "reasonable" time within which to file his motion, under the facts alleged by Duncan. His motion refers to an unnamed person threatening to harm him if he did not dismiss his lawsuit and Duncan summarily suggests that defendants prompted that threat. While, if true, that would constitute misconduct of the opposing party and could certainly explain the reason why Duncan asked that his case be dismissed, it does not explain why he waited four years to seek reconsideration of that dismissal. Indeed, he does not allege that there were any subsequent threats and certainly does not allege that threats continued for four years after the dismissal.

Instead, Duncan simply explains that he remained afraid and did "not know[] what to do," ECF No. 53 at 3, but "recently decided" he should pursue his claims. It appears, then, that he simply had a change of heart and has now "decided" that he again wants to pursue his claims. That is not sufficient to excuse a four-year delay, or to render such a long delay reasonable. This is perhaps particularly true where the statute of limitations on his claim is two years, see supra note 2, and would not have been tolled for the entire four years on the facts alleged here.

On this point, the court finds instructive a Fourth Circuit case addressing a plaintiff's request for equitable tolling because of a defendant's threats against her and control of her. Cruz v. Maypa, 773 F.3d 138, 147–48 (4th Cir. 2014). Applying Virginia law, the Cruz court noted that the statute of limitations is tolled for the period of time that the filing of the action (or here, the seeking of reconsideration) "is obstructed by a defendant's . . . using any . . . direct or indirect means to" obstruct the filing. Va. Code Ann. § 8.01-220. Applying this principle in the context of a person who alleged forced employment, the Fourth Circuit assumed that the time during which the plaintiff was still being held in forced employment tolled her claims, but noted that she did not allege that defendant took any action to obstruct her filing suit after her escape. Because her claims were not filed within the limitations period even with the benefit of the equitable tolling until the time of her escape, they were time-barred. Cruz, 773 F.3d at 147–48.

The legal context here is different, but the principles are the same. Duncan provides no adequate explanation for his continued failure—for a period of four years—to raise defendants' alleged earlier misconduct. He does not point to anything that occurred within

5

those four years to justify such a lengthy delay. On the record before the court, his motion simply was not made within a "reasonable time" under Federal Rule Civil Procedure 60(b).

For these reasons, the court concludes that Duncan's motion was not timely because he did not file it within a year so as to be timely under Rule 60(b)(3) and did not file it within a "reasonable time" so as to proceed under Rule 60(b)(6), either. He is therefore not entitled to relief under Rule 60(b).

## III. CONCLUSION

For the foregoing reasons, Duncan's motion to reconsider and to reopen the case, ECF No. 53, will be denied. An appropriate order will be entered.

It is so **ORDERED**.

Entered: October 26, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.10.26 13:48:55 -04'00'

Michael F. Urbanski
Chief United States District Judge